IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MYRON JAMES, #144470, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.                                  ) | CIV. ACT. NO. 2:09-CV-251-TMH |
| ) | |
| RICHARD JAMIESON, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Myron James ["James"], a state inmate and frequent federal litigant, on March 25, 2009. In this complaint, James alleges correctional officers at the Ventress Correctional Facility subjected him to excessive force on February 21, 2001.[1]

Upon initiation of this case, James filed an application for leave to proceed *in forma pauperis* pursuant to the provisions of 28 U.S.C. § 1915(a). *Application to Proceed Without Prepayment of Fees - Court Doc. No. 2*. However, under the directives of 28 U.S.C. § 1915(g), a prisoner is not allowed to bring a civil action or

---

[1] James filed a previous complaint against Richard Jamieson in which he challenged the constitutionality of this same incident of force. *James v. Jamieson*, Civil Action No. 2:01-CV-557-CSC (M.D. Ala. 2003). In such action, a jury empaneled by this court rendered a verdict in favor of defendant Jamieson. *Id*. at Court Doc. No. 74.

proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[2]

## II. DISCUSSION

The records of the federal courts of this state establish that James, while incarcerated or detained, has on at least five occasions had civil actions dismissed as frivolous, malicious, for failure to state a claim on which relief may be granted and/or for asserting claims against defendants who were immune from suit pursuant to the provisions of 28 U.S.C. § 1915.  The cases on which this court relies in finding a violation of § 1915(g) are:  (1) *James v. Lampkin, et al.*, Civil Action No. 2:96-CV-1967-ELN-TMP (N.D. Ala. 1996); (2) *James v. Donaldson Correctional Facility*, Civil Action No. 2:96-CV-1111-SCP-PWG (N.D. Ala. 1996); (3) *James v. Hightower,*

---

[2]In *Rivera v. Allin*, 144 F.3d 719, 731, *cert. denied*, 524 U.S. 978, 119 S.Ct. 27 (1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment." In *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 921 (2007), the Supreme Court abrogated *Rivera* but only to the extent it compelled an inmate to plead exhaustion of remedies in his complaint as "failure to exhaust is an affirmative defense under the PLRA ... and inmates are not required to specifically plead or demonstrate exhaustion in their complaints."  549 U.S. at 216, 127 S.Ct. at 921.

*et al.*, Civil Action No. 2:95-CV-1625-JHH-PWG (N.D. Ala. 1995); (4) *James v. Harrelson, et al.*, Civil Action No. 2:92-CV-607-ID-CSC (M.D. Ala. 1992); and (5) *James v. Hunt, et al.*, Civil Action No. 1:91-CV-784-BH-S (S.D. Ala. 1993).

In the complaint now before the court, James complains that correctional officials used excessive force against him on February 21, 2001 during his previous confinement at the Ventress Correctional Facility.[3] The allegations made the basis of the instant complaint fail to demonstrate that James was "under imminent danger of serious physical injury" at the time he filed this cause of action as is required to meet the imminent danger exception to the application of 28 U.S.C. § 1915(g). *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (a prisoner who has filed three or more frivolous lawsuits and seeks to proceed *in forma pauperis* must allege a present "imminent danger" to circumvent application of the "three strikes" provision of 28 U.S.C. § 1915(g)). Based on the foregoing, the court concludes that James' motion for leave to proceed *in forma pauperis* is due to be denied and this case dismissed without prejudice as James failed to pay the requisite filing fee upon initiation of this cause of action. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint

---

[3] James is now incarcerated at the Holman Correctional Facility.

without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he *initiates* the suit.").

### III.  CONCLUSION

Accordingly, it is

ORDERED that the motion for leave to proceed *in forma pauperis* filed by Myron James (Court Doc. No. 2) be and is hereby DENIED.  Additionally, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for the plaintiff's failure to pay the full filing fee upon the initiation of this case.  It is further

ORDERED that on or before April 9, 2009 the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo

determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    Done this 27th day of March, 2009.

                                      /s/Charles S. Coody
                                  CHARLES S. COODY
                                  UNITED STATES MAGISTRATE JUDGE